(No. 4415—

GEORGE L. CARNES, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed December 14, 1951.*

SCHIMMEL AND SCHIMMEL, Attorneys for Claimant.

IVAN A. ELLIOTT, Attorney General; CHARLES H. EVANS, Assistant Attorney General, for Respondent.

DELANEY, J.

The claimant, George L. Carnes, seeks to recover under the Workmen's Compensation Act for an injury

to his right eye, as the result of an accident that arose out of and in the course of his employment in the Division of Plant Industry, Department of Agriculture.

On November 16, 1950, claimant was struck in the right eye by a prickly ash twig, while inspecting wooded territory for common barberry with a crew of six men. While so inspecting, a twig snapped back striking his eye ball, and cutting the eye. He was treated by Dr. A. M. Paisley, and remained in Our Saviour's Hospital at Jacksonville until November 26, 1950. Mr. Carnes returned to work December 18, 1950, and worked until December 22, 1950. An infection set up in the injured eye. He went back to Dr. Paisley, who sent him to Dr. Vargas. From January 6, 1951 to January 10, 1951 claimant was again in Our Saviour's Hospital. He was released on January 10, 1951 to go to Barnes Hospital in St. Louis, Missouri, where he remained from January 11, 1951 to January 31, 1951 under treatment of Dr. B. Y. Alvis. He returned to work on April 2, 1951.

In a report dated March 21, 1951, and made a part of this record by the rules of the Court, Dr. B. Y. Alvis stated:

"The eye can be considered industrially blind. The vision is reduced to approximately one-two hundredths."

The record consists of the complaint, Departmental Report, transcript of evidence, stipulation waiving briefs of both parties, and stipulation on medical bills.

No jurisdictional question is raised. Respondent and claimant were operating under the Workmen's Compensation Act, and the accident in question arose out of and in the course of the employment. The only question is the extent of permanent disability suffered by claimant.

Claimant's earnings for the year immediately pre-

ceding his injury were $2,568.00. At the time of the injury, he had no children under eighteen years of age dependent upon him for support. His compensation rate would, therefore, be the maximum of $15.00 per week. The injury having occurred subsequent to July 1, 1949, this must be increased 50%, making a compensation rate of $22.50.

For the loss of sight of his right eye, claimant is entitled to $22.50 per week for 120 weeks, or the sum of $2,700.00, under Section 8, Paragraph (e) (16) of the Workmen's Compensation Act.

As a result of the accident, he was temporarily totally disabled for a period of 19 weeks. He should be allowed $22.50 per week for 19 weeks temporary total disability in the amount of $427.50. Claimant is, therefore, entitled to a total award of $3,127.50. Claimant was paid full salary for the time he was disabled, and the sum of $1,016.50 must be deducted from said award for non-productive time. Respondent has paid all hospital and medical bills of claimant, incurred as a result of said injury.

An award is, therefore, made to claimant, George L. Carnes, in the sum of $2,111.00, payable as follows:

$1,260.00, which has accrued, less payment of $1,016.50 for non-productive time, or $243.50.

$1,867.50, is payable in weekly installments of $22.50 commencing on December 21, 1951, and continuing for 83 weeks.

Janette Webel was employed to take and transcribe the evidence at the hearings before Commissioner Summers, and submitted her invoice for these services in the amount of $16.90, which charges are fair, reasonable and customary.

An award is also entered in favor of Janette Webel in the amount of $16.90, payable forthwith.

This award is subject to the approval of the Governor, as provided in Section 3 of "An Act concerning the payment of compensation awards to State employees".